**HENNEY, an Incompetent Person, Estate of, In re:
O'NEILL, Plaintiff-Appellee, v. HENNEY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5603. Decided January 15, 1957.

Lewis F. Byers, Columbus, for Henry M. O'Neill, Guardian of Kathleen O. Henney, etc., plaintiff-appellee.

Jeannette H. Henney, Columbus, per se, defendant-appellee.

Wright, Harlor, Purpus, Morris & Arnold, Earl F. Morris, of Counsel, Columbus, for appellant, The Buckeye Union Casualty Company.

### OPINION

By THE COURT.

Submitted upon motion of Henry M. O'Neill, Appellee, seeking an order dismissing the appeal of The Buckeye Union Casualty Company for the reason that the judgment of the trial court has been fully complied with and the question presented by this appeal has therefore become moot.

The record reveals that on May 18, 1956, a complaint was filed by Henry M. O'Neill, guardian of the estate of Kathleen O. Henney, an in-

competent person, against the defendant, Jeannette H. Henney, under the Provisions of §2109.50 R. C., seeking an order cancelling her assigned certificate of title to a certain Cadillac automobile, for the reason that his ward was an incompetent person and therefore not capable of transferring her title to the defendant.

It also sought a restoration of the original certificate of title to the ward. The Buckeye Union Casualty Company then filed a motion to intervene, alleging that on December 10, 1955, it had issued a certain policy of insurance on said automobile to Kathleen O. Henney and that its policy became null and void on February 28, 1956, when the title was transferred to the defendant.

It further alleged "that its rights may in some way be affected by any order, judgment or decree entered in this proceeding and said The Buckeye Union Casualty Company, appearing specially and solely for the purpose herein stated, therefore moves the court for leave to intervene herein solely for the purpose of raising the question of jurisdiction of the court over the subject matter and for no other purpose."

The record reveals that the cause came on for hearing and the court found that the complaint of the guardian was true. It therefore ordered the title restored and the invalid assignment on the back thereof held for naught. It also assessed a statutory penalty of $200.00 against the defendant, Jeannette H. Henney.

The court also by separate entry overruled the motion of The Buckeye Union Casualty Company for leave to intervene. It is from this order that the appeal is directed by The Casualty Company. It appears that no stay bond was filed and the order of the court has been fully complied with by the defendant. The penalty has been paid and the certificate of title restored. It is therefore urged by the appellee that the appeal be dismissed for the reason that the matter has become a moot question. The appellee cites the case of **Wagner v. Boggess Coal & Supply Co., 57 Abs 270,** by this court. The legal principles pronounced in this case appear to be analogous to the case at bar. We there held that when a corporation has been ordered dissolved and appellant fails to give a stay bond he has failed to avail himself of his rights under the law of holding in abeyance the enforcement of the judgment, and the question in issue becomes moot by reason of developments subsequent to and in accordance with that judgment, and appeal from that judgment will be dismissed. The rule seems to be well stated in **2 O. Jur. 2d, 539,** as follows:

"It is well settled that where, by a change of circumstances or otherwise pending an appeal on questions of law, the questions which would be presented to the reviewing court have become purely academic or abstract, and any judgment which the court might render thereon would in no way avail, or be beneficial, to, any party, the proceeding will ordinarily be dismissed, because it is not the duty nor responsibility of the court to answer moot questions. So the proceeding will be dismissed if the order or judgment which the appellant seeks to reverse, not having been stayed, has been carried out or if the thing which he seeks to

360

prevent or avoid has been accomplished, and the situation is such that reversal would be wholly ineffectual to re-establish the status quo or to accord any relief or advantage to the appellant; or if the situation has so changed that the relief sought by the appellant has become unnecessary."

See also cited cases there.

A reversal by this court of the order appealed from would not reinstate the certificate of title in the name of Jeannette H. Henney; hence no relief or advantage could be gained by the appellant. Furthermore, it was not made a party to this action. Therefore we do not see how the judgment could be considered as a determination by the court of any of its rights.

"It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." **Miner v. Witt, 82 Oh St 379.**

We therefore hold that the question has become moot and the motion will be sustained.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.