BOYLE HOLDING CORPORATION, Plaintiff, *v.* MEDGREEN HOLDING CORPORATION, Defendant.

Supreme Court, New York County, May 24, 1933.

*Julius Henry Cohen*, for the plaintiff.

*Samuel Robert Weltz*, for the defendant.

COHN, J. There was adduced no proof to establish defendant's claim that in the sale of defendant's property fraud was practiced by the plaintiff, by the Port of New York Authority (hereinafter referred to as the authority) through any of its officers, or by the real estate brokerage corporation which negotiated the sale. Certain it is that those connected with the authority acted fairly and honorably throughout. Though the broker knew that the plaintiff corporation was used as a cloak to conceal the identity of the authority, it was under no duty to disclose that fact to the vendor. So long as the broker acted in good faith its agreement to withhold the identity of the real principal is not against public policy or void. (*Foss* v. *N. Y. C. & H. R. R. R. Co.*, 161 App. Div. 681; affd., 217 N. Y. 727.) A broker is obligated to disclose the buyer's name where there might be any question as to the latter's financial responsibility. (*Ostroff* v. *Doctor*, 238 N. Y. 264.) Here no such question arose. Nor was the plaintiff under a duty to reveal to the defendant the fact of the authority's connection with the prospective purchase.

The Port of New York Authority, a corporation created by the States of New York and New Jersey in the year 1921, acquires land for the building of bridges, tunnels, approaches and terminals in the district of the port of New York. Its policy is to secure its property for these public improvements by direct negotiation with the owners rather than by a resort to condemnation proceedings. The location of a project is determined upon long in advance of the time when actual construction is commenced. Functioning with informality and usually with secrecy, it endeavors to purchase property required not at exaggerated and exorbitant values but at prices which are fair and reasonable. (Report on Law and Procedure in Condemnation Applicable to Proceedings Brought by the City of New York, by Leonard M. Wallstein, Special Assistant Corporation Counsel, pp. 594, 595, 596, dated Jan. 28, 1932.) This method of procedure in the acquisition of land adopted by the authority is a praiseworthy one and is in the public interest. A public agency should be compelled to pay no more than reasonable value for property acquired for public use. So long as there is no fraud or deception practiced upon the vendor, sales consummated by public bodies under the guise of subsidiary corporations are not rendered invalid.

As the defendant is no longer the owner of the property involved, the court is without power to grant to the plaintiff specific performance of the contract, but plaintiff is entitled to recover the portion of the purchase price paid by it to the defendant. A court of equity conforms its decree to the situation existing at the time of trial. It may award judgment for money damages to the vendee for breach of contract by the vendor if since the commencement of the action specific performance by the vendor has become impossible because the property to be transferred has been otherwise disposed of. (*Casino Hall, Inc.*, v. *Levinson*, 223 App. Div. 721; *Saperstein* v. *Mechanics & Farmers Savings Bank*, 228 N. Y. 257, 261; *Zauderer* v. *Market Street Long Beach Realty Corporation*, 128 Misc. 364; affd., 221 App. Div. 760; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316, 322.) The amendment to the complaint sought by the plaintiff is allowed and judgment is granted for the plaintiff in the sum of $10,000, with interest from the 1st day of November, 1931. Submit findings on notice.