**WAGNER et, Plaintiffs-Appellees, v. BOGGESS COAL AND SUPPLY CO., Defendant-Appellee, and DeWITT, Intervenor-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4386.   Decided March 13, 1950.

McFayden & Swisher, Dwight A. Swisher, R. Rush Warren, of Counsel, Columbus, for Oscar C. Wagner and Evelyn L. Wagner, plaintiffs-appellees.

Vorys, Sater, Seymour & Pease, Arthur I. Vorys, Byron E. Ford, of Counsel, Columbus, for Louis N. DeWitt, Intervenor-Appellant.

**OPINION**

By WISEMAN, J.

This is a law appeal from the judgment of the Common Pleas Court of Franklin County, Ohio, dissolving The Boggess Coal and Supply Company, an Ohio corporation, on a petition filed under the provisions of §8623-86 (d) GC.

The principal question presented on review is whether the action in the Court of Common Pleas was prematurely brought due to the fact that the shares of stock owned by one of the plaintiffs at the time the petition was filed had not been transferred on the books of the corporation. The intervenor-appellant assigns as error the action of the trial court in ordering the corporation dissolved under §8623-86 GC, when the factual situation did not disclose that one-half of the stock owned by the plaintiffs had been transferred on the books of the corporation. The point is made that before the plaintiffs were entitled to petition the Common Pleas Court for dissolution they must be holders of stock which appears of record on the books of the corporation.

A motion by plaintiffs-appellees has been filed to dismiss the appeal for the reason that the questions involved in said appeal have now become moot. In support of the motion an affidavit has been filed by one of the attorneys representing the appellees, which states:

"That he is attorney for George P. Dolle, the duly appointed, qualified and acting receiver of The Boggess Coal and Supply Company, having been appointed as counsel by the Common Pleas Court of Franklin County, Ohio; that pursuant to the order of dissolution made by the Common Pleas Court of Franklin County, Ohio, November 7, 1949, a certified copy of which was duly filed with the Secretary of State of the State of Ohio, said receiver has sold all of the assets of said corporation with the exception of a few accounts receivable; that the appellant herein has organized

and formed a new corporation under the name of The Boggess Coal and Supply Company, and appellant and his wife have purchased land and buildings on which the old corporation did business, and appellant, and his wife are now engaged in the same business as the old corporation, at the same location, and even using the same telephone number of the old corporation."

The facts set forth in the affidavit are not in dispute.

Under the provisions of §8623-91 GC, upon the filing of a certified copy of the order of dissolution with the Secretary of State the corporation is dissolved and its authority to carry on its business terminates.

In view of the dissolution of the corporation the question now presented is whether there is any matter left on this appeal for judicial determination. Obviously, if the Court hears the appeal on the merits and sustains the judgment of the trial court, the affirmance would be ineffective for the reason that the judgment of the trial court has long since been carried out; if this Court reverses the judgment of the trial court the reversal would be ineffectual to restore the status quo or to afford any relief affecting the substantial rights of the appellant. Courts are instituted not only to render but also to enforce their judgments. It would be a vain thing to render a judgment and not be able to enforce it. For this reason courts will not consume time or effort by attempting to decide moot questions. The general rule is stated in **Vol. 2, O. Jur., Part 1, page 889, Section 497**, as follows:

"The rule is well settled in Ohio that where, pending an appeal on questions of law, by a change of circumstances or otherwise, the questions which would be presented to the reviewing court have become purely academic or abstract, and any judgment which it might render thereon would in no way avail, or be beneficial to, any party, the proceeding will ordinarily be dismissed, because it is not the duty nor responsibility of the court to answer moot questions. So the proceeding will be dismissed if the order or judgment which the appellant seeks to reverse, not having been stayed, has been carried out or if the thing which he seeks to prevent or avoid has been accomplished, and the situation is such that reversal would be wholly ineffectual to reestablish the status quo or to afford any relief or advantage to the appellant; or if the situation has so changed that the relief sought by the appellant has become unnecessary. * * *"

In Vol. 1, C. J. S., page 1012, is found this statement:

"A judicial tribunal ordinarily may consider and determine only an existing controversy, and not a moot question or abstract proposition.

To invoke the jurisdiction of a court of justice, as to a cause or right of action, it is primarily essential that there be involved a real and existing controversy, calling for a present adjudication involving present rights, and that some relief be sought which may be granted, something further than a mere declaration of right.

The function or duty of a judicial tribunal is to determine real controversies relative to the legal rights of persons or property, which are actually involved in the particular case properly brought before it; and to adjudicate these rights in such manner that there (their) determination will be operative, final, and conclusive, by a judgment that can be carried into effect."

The leading case in Ohio covering this question is **Miner v. Witt, 82 Oh St 237,** 92 N. E. 21. The syllabus of that case is as follows:

"It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error."

This case has been cited innumerable times by the Ohio courts. We are content to cite only a few later opinions.

In **Hagerman v. Dayton, 147 Oh St 313,** 71 N. E. (2d) 246, the court cites with approval the case of Miner v. Witt and Mills v. Green, 159 U. S. 651, 40 L. Ed. 293, 16 S. Ct., 132, quoting from the latter opinion written by Mr. Justice Gray, as follows:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor

of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence."

See also **In Re Irwin, 148 Oh St 28, 72 N. E. (2d) 373; Hughes v. Bd. of Revisions, 143 Oh St 559, 56 N. E. (2d) 63; Travis v. Pub. Util. Comm., 123 Oh St 355, 175 N. E. 586; Pollitz v. Pub. Util. Commission, 93 Oh St 483, 113 N. E. 1071; Farrel v. Brazee, 9 Oh Ap 218.**

It is contended that there remains a question as to the determination of costs. In Vol. 1, C. J. S. p. 1015, it is stated that:

"Jurisdiction will not be retained merely to determine incidental questions such as costs."

In Miner v. Witt, supra, wherein the annexation by a city of a part of a village was sought to be enjoined, the court, on page 238, holds:

"The whole village is now part of the city, and the determination of the questions presented by the record would, so far as this case is concerned, **affect nothing but the question of costs. There is nothing left but a moot case.**" (Emphasis ours.)

The case of **Forsythe v. Rees, 33 Abs. 287** is cited for authority that the question of costs will save the appeal from becoming moot. A close analysis of that case discloses that the decision of the court with reference to the question of costs hinged upon the fact that the final entry appealed from contained a judgment against the plaintiff for costs. In the instant case this question is not presented. Furthermore, in the Forsythe v. Rees case the court very definitely held that where an appeal is perfected on questions of law and fact

"* * * the claim that the issuable question is now moot, a claim which can only be presented on the merits and cannot be raised by motion, is not a ground for dismissal of the appeal, especially where the appeal also includes appeal from the judgment for costs."

In that case the court held that since the appeal was on questions of law and fact the entire case was before the court and would be tried de novo. The court pointed out that upon

trial a different factual situation might develop and the question as to whether the appeal was moot could not be determined except upon trial on the merits. The record below, and the judgment of the trial court, was not before the reviewing court. In the case under consideration the appeal is on law only. In the determination of this question a differentiation must be made between the two classes of appeals.

We do not believe that a close analysis of the question before the court in the case of Forsythe v. Rees shows an adherence to a principle of law which is irreconcilable with the decision of our Supreme Court in the case of Miner v. Witt, wherein the court held that where there is nothing left for determination but the question of costs the appeal will be dismissed on the ground that a moot question is presented.

In the case at bar, the appellant failed to give a stay bond under §12223-9 GC, holding in abeyance the enforcement of the judgment of the trial court. The question has become moot due to the failure of the appellant to avail himself of his rights under the law to stay the proceedings. In Travis v. Public Utilities Commission of Ohio, supra, the first paragraph of the syllabus is as follows:

"In an error proceeding from the Public Utilities Commission of Ohio to the Supreme Court, where the party complaining did not apply for or obtain an order of the Commission staying or postponing the enforcement of the order, and did not obtain an order in the Supreme Court allowing such stay, or execute any undertaking conditioned for the payment of damages arising from or caused by the delay in execution of the order complained of, and the successful party so far proceeds in the execution of the order, before the error proceeding is heard in the Supreme Court, that a reversal could not affect the matter at issue, a motion to dismiss will be sustained."

In Pollitz v. The Public Utilities Commission of Ohio, supra, the court says:

"It appearing to the court that the order of the public utilities commission complained of has been fully complied with and carried out, that none of the steps provided by law for the keeping of said order in abeyance pending further proceedings were taken or complied with, and that there is nothing left upon which the judgment of this court might operate, the question presented is therefore a moot one and

this cause is dismissed on the authority of Miner v. Witt, * * * *"

In the case at bar the appellant should not be heard to complain, since he did nothing to stay the proceedings pending the appeal. Furthermore, it is interesting to note that the appellant purchased the lands and buildings on which the dissolved corporation did business after the corporation was dissolved, and is doing business under the same name, at the same location. He has accepted the benefits accruing by reason of the enforcement of the order of the trial court which on this appeal he seeks to reverse. The appellant's failure to give a stay bond has given rise to a situation which has rendered this appeal moot.

In our opinion there is no question left in this appeal for determination. The motion to dismiss the appeal on the ground that the question is moot will be sustained. So ordered.

MILLER, PJ, and HORNBECK, J, concur.