[Civ. No. 17721. Second Dist., Div. Three. Feb. 20, 1951.]

HARRY J. WALSH et al., Appellants, v. SCOTT D. MACAIRE et al., Respondents.

Harry J. Walsh, in pro. per., for Appellants.

Martin & Bowker for Respondents.

SHINN, P. J.—Plaintiffs brought this action for specific performance of an agreement to purchase from defendants a parcel of land 400 feet by 525 feet in the city of Los Angeles in a community known as Tujunga. Although plaintiffs have spent $12,800 building a house and otherwise improving the property to which they have no title, and are in much need of performance by defendants, they have appealed from a judgment in their favor decreeing specific performance, contending that they were granted inadequate relief. Most of their contentions are untenable. The serious question is whether the court failed to make findings on all material issues and should have considered and determined the question of plaintiffs' damage with respect to a certain feature of the agreement as to which specific performance could not be decreed.

The land in question is on a brush-covered hogback bordering on Haines Canyon and is not served by any public utility. There is what is known as a fire road extending from a public road in Haines Canyon to and beyond the property in question. From Haines Canyon Avenue the road leads across some privately owned land, government land in the Angeles National Forest and other land of the defendants. It is used by federal, state and county agencies in fire prevention and other protective work. So far as shown the right of these agencies to use the road is no more than a reserved easement.

The agreement was in the form of escrow instructions executed by the parties. They contained the following: "Buyer and seller agree to furnish the metes and bounds description of the road which is to be used as a means of agress [sic] and

ingress for the Buyer, and you are to draw at the close of your escrow a separate agreement using this description which is to be signed by both buyer and seller, and remain in effect as long as buyers, their heirs or assigns, shall use above described property.

"You are further instructed and authorized, without any liability or responsibility on your part whatsoever, to draw, at the close of your escrow, an agreement as between the buyer and seller as to the use of and right in an adequate supply of water which is to be furnished by seller from sellers property, until water is available from public utilities."

There was no other executed written agreement covering these matters. The pleadings raised the following issues: (1) Whether defendants agreed to provide as a part of the transaction, an irrevocable right of ingress and egress for plaintiffs over the fire road; (2) whether the land being purchased bordered on a public road; plaintiffs alleged it did not; defendants alleged that it did; (3) what was agreed as to plaintiffs' right to be furnished with water from a spring on other land of the defendants; (4) what were the terms of payment for the land.

The findings, as far as they went, were in favor of plaintiffs. They have paid some $1,800 on their contract. The decree orders them to give their promissory note for the balance, $2,351.26, including interest, payable $50 or more per month at 6 per cent and a trust deed on the real property securing the same. It orders defendants to convey title and furnish a policy of title insurance showing title in plaintiffs subject only to taxes, conditions, restrictions, reservations, rights and rights of way of record and said trust deed; also to grant an easement for a pipe line and maintaining a pump and motor at the spring on defendants' land, and an easement for the purpose of conducting and maintaining a power line over defendants' land, the location of the easements being described in the decree. There was a finding that plaintiffs should have a nonexclusive right to use a maximum of 1,200 gallons of water per day from defendants' spring until such time as water may be available from a public utility, but the decree is silent as to plaintiffs' right to use water from the spring.

The court specifically declined to make a finding with respect to the alleged agreement of defendants to provide plaintiffs with a right of way for ingress and egress. The decree is silent as to that matter also.

Finding No. 11 reads as follows: "No finding is made herein as to what, if any, permanent right of way was promised by the Defendants, Scott D. Macaire and Ada R. Macaire over that certain road in Haines Canyon, referred to in the testimony as the 'Fire Road.' The purpose of this finding being that since the plaintiffs, Harry J. Walsh and Mary M. Walsh would not be entitled to specific performance of such an agreement, of [sic] any was made, the parties hereto should be left to their rights and remedies at law and the denial of the Plaintiffs' motion to amend their complaint shall be without prejudice to either party in this action." The evidence was such as to require a finding as to the alleged agreement. On February 4, 1947, Mr. Walsh wrote Macaire saying, in part: "I would want a right of way to and over the fire road to Haines Canyon." On February 10, 1947, Macaire replied to Walsh: "You should have 400 feet that would give you property down to Haines Canyon Road and take in that flat on the west side of the Hog's Back." Enclosed with this letter was a small map showing the location of the property and that it abuts upon a road other than the fire road. Mr. Walsh testified that defendants promised to provide a right of way. There was undisputed evidence that defendants tendered to plaintiffs only a Forest Ranger's revocable permit for plaintiffs to use the road.

Having taken jurisdiction of an equitable action the court may determine all legal as well as equitable issues in order to make a complete disposition of the matters in controversy (see cases collected 10 Cal.Jur., Equity, § 42, p. 499; 23 Cal.Jur., Specific Performance, § 67, p. 511, and 10-Yr. Supp.).

Plaintiffs should not have been left to an action at law for breach of defendants' alleged contract to provide an outlet from the property to a public road. Whatever the agreement may have been it was clearly shown by the evidence that the right of way agreement was an inseparable part of plaintiffs' agreement to purchase the property. If plaintiffs could not have specific performance of that part of the agreement they were entitled to damages as a matter of right. Evidence was introduced by the parties on this issue and presumably it was all the evidence they had to offer. The issue should have been decided.

Although the pleadings raised the issue as to whether the land abutted on a public road, the court made no finding upon that issue. After reading the testimony concerning this matter

we are not sure that the parties themselves knew where the corners were located on the ground with relation to the Haines Canyon Road. Defendants evidently believed when they agreed to sell the land that it did extend to the road. The court should have had the benefit of the evidence of a competent surveyor on that issue. The question was one that had to be determined before it could be known how plaintiffs could reach a public road, and also what damages they suffered through their inability to procure a right of way over the fire road if they were able to prove the agreement as alleged.

Plaintiffs contend that they had no valid agreement to be furnished with water and that the court erroneously decreed that they have a water right. If the agreement, which rested largely in parol, was defined by the court so as to give plaintiffs a substantial water right they should not be the ones to complain. It is sufficient to say that in view of the fact that the agreement rested largely in parol and there had been substantial part performance by the parties, the court properly defined the agreement in accordance with the oral promises of defendants. It is fortunate that plaintiffs prevailed upon that issue as otherwise they would have no water supply. The finding that the water right of plaintiffs was nonexclusive was in accord with the evidence that others had been given a right to use water from the spring.

The findings with relation to the terms of the sale and the giving of a note and trust deed were in accordance with the escrow instructions of June 7, 1947, and December 24, 1947.

The provision of the decree that defendants' deed should be subject to conditions, etc., *now* of record should be amended to relate to the date of the original escrow instructions. It was not error to add interest in computing the balance unpaid.

The court withheld decision of the case from December, 1948, until August, 1949, in order to allow the parties time to work out their differences. In June plaintiffs made a motion to reopen the case and to amend their complaint to pray for damages. Their motions were denied. Plaintiffs stated a good cause of action for equitable relief and prayed for specific performance and for general relief. Amendment of the complaint was not necessary to enable the court to award complete relief with respect to the right of way issue. (*Union Oil Co.* v. *Reconstruction Oil Co.*, 20 Cal.App.2d 170 [66 P.2d 1215].) The right to damages where performance was due but could not be decreed fully was within the issues to be tried.

When the parties were before the court in June defendants'

counsel stated that title of defendants was clouded by a "wild" deed to one Pauline Thompson who had executed and delivered a quitclaim deed to defendants' former attorney for a consideration of $10 but that the deed had not been recorded; they would get another deed if they could find Pauline Thompson. No title report had been made until May, 1949. The description in the Thompson deed was vague and might or might not have been intended to relate to defendants' land. Another matter which was brought to the attention of the court was the claim of plaintiffs that the description of the property in the agreement differed from the boundaries shown to them by defendants. If plaintiffs so desire they should be permitted to amend their complaint. Other contentions of plaintiffs do not merit discussion.

The judgment is reversed for the trial of those issues only which remain undetermined, and for such other proceedings as may be necessary for a complete determination of the matters in controversy.

Wood (Parker), J., and Vallée, J., concurred.