BASILIKO ET UX. *v.* WELSH ET AL., TRUSTEES

[No. 206, September Term, 1958.]

*Decided April 17, 1959.*

The cause was argued before Brune, C. J., and Hender-son, Hammond and Horney, JJ.

*Leonard C. Collins,* with whom was *Herman Miller* on the brief, for the appellants.

*Jerome E. Korpeck* and *T. Hammond Welsh, Jr.,* with whom were *William B. Wheeler* and *Welsh, Dyer & Lancaster* on the brief, for the appellees.

Per Curiam.

This appeal is from the refusal of the chancellor to set aside a sale of mortgaged property.

The mortgagors, although they had conveyed the mortgaged property to another subject to the mortgage, had retained possession, had subsequently made payments on account of the mortgage debt and had eventually filed suit to set aside the conveyance of the equity of redemption, but they were not vested with the record title on the day of the fore-

closure or the day of sale. After the sale had been reported, and before the order *nisi* had expired, the mortgagors filed exceptions to the sale alleging that the trustees making the sale had "refused to accept higher and better bids for the property."

The chancellor found that the exceptants were not proper parties to file exceptions and concluded that the trustees had not acted improperly.

On appeal, the exceptants contend that they had standing to object to the ratification of the sale and that the trustees —because they failed to act impartially toward all bidders— thereby diminished competition and prevented the sale from being fair, free and open. The trustees, besides denying these contentions, moved for a dismissal of the appeal pursuant to the provisions of Maryland Rule 835 b (7). Although they appealed, the exceptants either neglected or declined to file a *supersedeas* bond to stay execution of the final order of ratification required by the terms of Rule 817 c.

The trustees were not precluded from conveying the mortgaged property to the purchasers and a conveyance thereof was duly executed after the appeal was filed. There was no showing of unfairness or collusion on the part of the purchaser. The case has therefore become moot and the appeal will be dismissed. See *Lowe v. Lowe,* 219 Md. 365, 149 A. 2d 382 (1959), and the cases therein cited.

We deem it appropriate to say that even if the exceptants had had standing to object to the sale (and we do not so hold), and if we were to decide this case on the two questions presented by the exceptants, the result would not be different.

> *Appeal dismissed, the costs to be paid by the appellants.*