Abraham N. Geller, J.
Plaintiffs’ complaint seeks specific performance of a contractual obligation undertaken by defendant individually in connection with the loan made by plaintiffs to the corporation in which he was the sole or principal party in interest. The evidence at the trial failed to establish an essential requirement for such relief but did indicate that there was a substantial basis for a claim for legal relief.
Although the loan agreement named only the corporation as the “party of the second part” and referred to a separate instrument being executed by defendant for his guarantee of the performance of all of the terms and conditions of the agreement, the agreement itself contained certain personal representations and warranties by him as collateral security for the performance of his “ said guarantee ” and was executed and acknowledged by him both individually and as president of the corporation. No separate instrument of guarantee was presented for his signature. Apparently, in view of the double execution, it was deemed superfluous, but the provision for a separate instrument was inadvertently allowed to remain in the agreement. In any event, in light of defendant’s individual execution of the agreement, all obligations thereunder personally undertaken by him are binding upon him.
The defense of the Statute of Frauds is thus unavailing. Nor does the circumstance that plaintiffs advanced a total sum of $62,897.45, and not the full amount of $65,000 set forth in the loan agreement, debar them from asserting a claim against defendant. That slight deficiency played no part in the corporation’s and defendant’s failure to perform their obligations under the agreement. Plaintiffs’ substantial performance up to the time of presentation of additional creditors’ claims (a considerable portion of which had been personally indorsed or guaranteed by defendant) far exceeding in amount those originally represented, is a sufficient answer to Ms contention that *96 he is relieved of responsibility by reason of plaintiffs ’ breach in that respect of the agreement.
The specific relief requested by plaintiffs is that defendant be directed to perform the following personal undertaking in the agreement: “In addition and to further secure the said guarantee of the said Herman Besnick, the said Herman Besnick represents and warrants that the said Bhoda G-rundt owns 30% of the issued stock of the said Lichee Tree, Inc. [another corporation], and that said Herman Besnick is the real party in interest and is the real owner of the said 30% of Lichee Tree, Inc., and that he will procure the said stock held in the name of Bhoda G-rundt, and an assignment of the said stock, duly executed in blank by the said Bhoda G-rundt, and will deliver the same to Jason B. Berke, to be held by him in escrow, conditioned upon the faithful performance of this agreement and the guarantee of the said Herman Besnick.”
Plaintiffs did not take the precaution of insisting upon delivery to the escrowee of such assignment of stock before advancing the moneys loaned. It appears that Bhoda Grundt is defendant’s mother-in-law. He testified at the trial that he was not the real owner of that stock and could not procure its assignment by her. His attempt to explain away the clear language of his representation in this clause cannot be accepted, but the fact remains that Bhoda G-rundt is the record owner of the stock and that no evidence on the question of its real ownership was presented.
The court is, therefore, without power to grant plaintiffs specific performance of this contractual provision. Specific performance may be decreed only where it is possible for a defendant to perform, for the court will not grant a vain judgment (Saperstein v. Mechanics & Farmers Sav. Bank, 228 N. Y. 257; Casino Hall v. Levinson, 223 App. Div. 721; Boyle Holding Corp. v. Medgreen Holding Corp., 154 Misc. 189). The requisite power to require performance would have existed had it been shown that Bhoda G-rundt held title to said stock for defendant’s use and benefit, that he was the real owner thereof (cf. East Riv. & Astoria Land Co. v. Kindred, 128 App. Div. 146). The rule applies even where defendant’s inability to perform is caused by his own wrongful act (4 Pomeroy, Equity Jurisprudence [5th ed.],p. 1047). The fact that defendant may have misrepresented that he was the real owner of the stock may give rise to some form of appropriate relief against him, but does not empower the court to compel the assignment and delivery of stock held by another person.
Failing specific performance, however, the court, having obtained jurisdiction of the parties to the action and its subject *97 matter, may adapt the relief to the needs of the case (Saperstein, supra, p. 261; see, also, Twentieth Annual Report N. Y. Judicial Council, 1951, pp. 295-314). The court can do one of three things. It can dismiss the complaint outright, where it determines that no substantial cause for awarding any relief exists. It can award money damages, where it is clear that there is no triable issue of fact (Boyle Holding Corp., supra; Renol Holding Corp. v. Lankenau, 116 N. Y. S. 2d 861). Or it can order a new trial on the law side of the court, so that a defendant, who could not have demanded a jury trial when the complaint asked for equitable relief only, is not deprived of his right to trial by jury when the court determines that plaintiff has a claim for legal relief only (see McNulty v. Mt. Morris Elec. Light Co., 172 N. Y. 410).
The Civil Practice Law and Rules, effective September 1, 1963, contains a new provision, which codifies the decisional law relating to the third alternative and sets up a governing procedure for demand and waiver of trial by jury where issues triable by a jury are revealed at the trial. Section 4103 of the Civil Practice Law and Rules reads as follows: 1 ‘ When it appears in the course of a trial by the court that the relief required, although not originally demanded by a party, entitles the adverse party to a trial by jury of certain issues of fact, the court shall give the adverse party an opportunity to demand a jury trial of such issues. Failure to make such demand within the time limited by the court shall be deemed a waiver of the right to trial by jury. Upon such demand, the court shall order a jury trial of any issues of fact which are required to be tried by jury. ”
However, the procedure, as well as the relief, must be protective of the rights of both parties and molded to the needs of the case. During the course of this trial the plaintiffs made reference at various points to a claim for damages against defendant on the ground of fraud arising from the above-mentioned misrepresentation and from an alleged false financial statement as well as to a claim based on his alleged guarantee. They are entitled to request such relief as they deem best advised in their own interest. Defendant is entitled to be apprised of the nature of the claim asserted against him and to interpose his defense thereto, with the right to demand a jury trial of the issues of fact.
Accordingly, the claim is dismissed, not on the merits, but solely because the court is without power under the circumstances to grant specific performance, with leave to plaintiffs to serve an amended complaint for legal relief.