455 P.2d 27

**Ludvig V. MIKKELSEN, Marie Mikkelsen and Charles L. Johnson, for themselves and for and on behalf of all others similarly situated, Plaintiffs and Appellants,**

**v.**

**UTAH STATE TAX COMMISSION and Weber County Board of Equalization, William S. Moyes, Chairman, Defendants and Respondents.**

**No. 11040.**

Supreme Court of Utah.

May 21, 1969.

Dale E. Stratford, Ogden, for appellants.

Phil L. Hansen, Atty. Gen., Mary J. Colbath, Salt Lake City, Asst. Atty. Gen., D. Jay Wilson, Weber County Atty., Ogden, for respondents.

PER CURIAM.

Plaintiffs, for themselves and in behalf of all others similarly situated, brought a declaratory judgment action to have Chapter 154, Laws of Utah 1967,[1] declared unconstitutional. The district court rendered an adverse judgment and plaintiffs appeal.

It was the contention of plaintiffs that Chapter 154, which related to the remittance or abatement of the property taxes of indigent persons, was violative of both the state and federal constitutions. They claimed that the act created an arbitrary and unreasonable classification by excluding both indigents who receive their principal source of income from public welfare grants and indigents who receive more than $1,500 income a year.

During the pendency of this appeal, the 1969 Legislature passed Senate Bill No. 105 amending Chapter 154 of the Laws of Utah 1967.[2] This bill deleted the provision which excluded welfare recipients and further defined an indigent as any person whose total yearly income is less than $2,500, providing that the combined total income of husband and wife shall not exceed $3,000.

Since the relief initially sought in the trial court was a declaration that certain provisions of the 1967 amendment to Section 59–7–2 were unconstitutional, and in view of the fact that by the enactment of the 1969 amendment these challenged provisions are no longer the law of this State; it is the opinion of this court that there is not presently pending for determination an actual controversy.

"A case or question before an appellate court may become moot by reason of the new legislation, or by reason of the expiration or the superseding of existing legislation."[3]

"A case is moot when it does not involve any actual controversy. * * * Where the issues involved in the trial

1. Amending 59–7–2, U.C.A.1953.

2. The bill was approved by the Governor and became effective May 13, 1969.

3. Saunders v. Southwest General Ins. Co. (Tex.Civ.App.1957), 304 S.W.2d 406, 410.

court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation. * * *"[4]

Since it appears that all questions presented on appeal are now moot, a review thereof would serve no useful purpose and would be solely of academic interest since no practical relief can be granted. The case is dismissed *sua sponte*.

4. Hamman v. Clayton Municipal School Dist. No. 1, 74 N.M. 428, 394 P.2d 273, 274 (1964); also see Cooper v. Department of Institutions, 63 Wash.2d 722, 388 P.2d 925 (1964); Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764 (1955); Wright v. Housing Authority, 136 Colo. 448, 318 P.2d

1103 (1957); Paul v. Nauska (Alaska 1965), 407 P.2d 179; Smokler v. City of Los Angeles, 106 Cal.App.2d 438, 235 P.2d 42 (1951); Chenoweth v. Board of County Commissioners, 79 Nev. 403, 385 P.2d 771 (1963); and Wilson v. State Highway Comm., 140 Mont. 253, 370 P.2d 486 (1962).