**Cecil O. ECKARD and Marilyn F. Eckard, his wife, Plaintiffs and Respondents,**

v.

**Gayle G. SMITH and Joy T. Smith, his wife, Defendants and Appellants.**

No. 14153.

Supreme Court of Utah.

Jan. 23, 1976.

---

Gerald L. Turner and Richard W. Perkins, Turner & Perkins, Salt Lake City, for defendants and appellants.

David Lloyd and Walter P. Faber, Jr., Watkins & Faber, Salt Lake City, for plaintiffs and respondents.

TUCKETT, Justice:

The defendants appeal from a summary judgment entered by the court in favor of the plaintiffs and the denial of the defendants' motion for a writ of restitution and for a summary judgment. This matter was before the court on a prior appeal wherein the plaintiffs sought specific performance of a rental agreement with an option to purchase.[1] The judgment entered by the district court after the first trial granted specific performance and directed the defendants to convey the property in question to the plaintiffs. This court reversed and remanded. After remand the plaintiffs and the defendants filed motions for summary judgment. The grounds for the plaintiffs' motion being that the controversy had been settled and the case had become moot. The defendants move for restitution of the property.

Before the first appeal the defendants complied with the decree of the court below by conveying the property in the specified time and in accordance with the terms of the decree. Defendants, being unable to supply a supersedeas bond, nevertheless pursued their appeal. The question of mootness was presented to this court as indicated by the dissent, but that matter was not decided. The effect of the decision of this court was to vacate and set aside the decree of specific performance heretofore entered and the judgment of the court respecting damages. It was the duty of the trial court after remand to place the parties, insofar as possible, in the position they had before the erroneous decree and judgment which was rendered.[2] In this connection the court should determine damages, if any, suffered by the parties by reason of the entry of the erroneous decree.

The decision of the court below is reversed and the court is directed to proceed in accordance with the terms of this opinion. Appellants are entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.