J. EDWARD JONES, Plaintiff-Appellant, *v.* GORDON MATTHIS, Defendant.—(RAYMOND HEINRICH, Defendant-Appellee; WORTH BANK AND TRUST, Trustee, Intervenor-Appellee.)

First District (1st Division)    Nos. 79-793, 79-1225 cons.

Opinion filed October 27, 1980.

J. Edward Jones, of Blue Island, for appellant, *pro se.*

Louis C. Karbiner, of Chicago, for appellee Raymond Heinrich.

Stanley M. Cahn and John J. Foster, both of Chicago, for appellee Worth Bank and Trust.

Mr. JUSTICE McGLOON delivered the opinion of the court:
On February 16, 1979, the trial court ordered defendant landowner Heinrich to convey title to a certain parcel of real estate to plaintiff J.

Edward Jones. The *quid pro quo* for the conveyance was Jones' payment of $11,000 to landowner. Additionally, Jones was ordered to reimburse landowner for property taxes, insurance premiums and interest which he had paid during a period of time in which Jones was collecting rents from tenants on the land. Jones was given 15 days to make payment in full in the amount of $19,978.20. Landowner promptly tendered title to the subject real estate to Jones. Jones failed to make payment as required by the order. He also failed to perfect a stay of the judgment within 30 days as required by Supreme Court Rule 305(i). Instead, Jones appealed from the trial court order. On September 15, 1979, landowner conveyed the real estate to Worth Bank and Trust (Worth Bank), which was given leave to intervene in this action.

On appeal, Jones contends that the trial court had no jurisdiction to order plaintiff to repay landowner for property taxes, insurance premiums and interest paid by landowner on the property. Intervenor Worth Bank filed a motion to dismiss the case on grounds of mootness. The motion to dismiss was taken with this case.

The motion to dismiss is granted; appeal dismissed.

The facts of this case prior to the first appeal to this court are set forth in *Jones v. Matthis* (1978), 58 Ill. App. 3d 736, 374 N.E.2d 813. In conformity with our opinion in that case, the trial court on January 17, 1979, ordered plaintiff Jones to pay defendant landowner Heinrich $24,113.20, which included principal and interest owing, insurance premiums, real estate taxes and interest which landowner had paid while Jones was in possession of the land and collecting rents. An amended order was issued on February 16, 1979. That order directed Jones to pay landowner $19,978.20. It stated:

> "That the 3rd party defendant [*sic*] shall deliver an opinion of The Chicago Title & Trust Co., showing good title in seller and the Plaintiff J. Edward Jones shall have 15 days thereafter to make payment."

On February 16, 1979, landowner tendered to plaintiff a letter of commitment of Chicago Title Insurance Company showing good title in landowner. Jones failed to pay $19,978.20 within 15 days as required by the February 16, 1979, order. Instead, on March 23, 1979, he appealed from that order and the order of January 17, 1979. Jones failed to perfect a stay of the judgment pursuant to Illinois Supreme Court Rule 305(i) (Ill. Rev. Stat. 1977, ch. 110A, par. 305(i)).

On September 25, 1979, landowner sold the subject real estate to a third party, Worth Bank. On May 7, 1980, Worth Bank filed a motion for leave to intervene. The motion was granted.

On June 12, 1980, Worth Bank filed a motion to dismiss the case on grounds of mootness. By this court's order of June 30, 1980, intervenor's motion to dismiss was taken with the case.

We must first determine whether the fact that defendant landowner sold the subject real estate to intervenor subsequent to plaintiff's failure to stay the trial court's judgment has rendered this appeal moot.

Supreme Court Rule 305(i) provides:

> "If a stay is not perfected within 30 days of the entry of the judgment appealed from * * * the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed." Ill. Rev. Stat. 1977, ch. 110A, par. 305(i).

The record discloses that plaintiff failed to make payment within the designated time period or to perfect a stay of enforcement of the decree of February 16, 1979, within 30 days of its entry. The record further discloses that the property which is the subject matter of this case has been conveyed to Worth Bank, which was not a party to the original action. Furthermore, Worth Bank's interest in the subject real estate was not acquired until after the orders appealed from became final. Thus, Supreme Court Rule 305(i) is applicable to this case.

■■ The purpose of paragraph (i) is to protect the rights of a transferee if a stay is not perfected. (Ill. Ann. Stat., ch. 110A, par. 305(i), Committee Comments at 299, (Smith-Hurd Supp. 1980-81).) Worth Bank, therefore, is entitled to be protected under Rule 305(i). We find that no action which this court could take on appeal by way of reversal or modification of the trial court order could affect Worth Bank's title to the subject property. As a result, no action which we take could affect the rights of Jones to the subject real estate. Therefore, the case is clearly moot with respect to Jones and Worth Bank.

The only question that remains is whether the case is moot with respect to defendant Heinrich. In his answer to Worth Bank's motion to dismiss, Heinrich requests that the appeal not be dismissed since a dismissal would greatly affect his rights. In his prayer for relief, Heinrich requests that we modify the orders of January 17, 1979, and February 16, 1979, and find that Jones is liable to him in the amount of approximately $20,000 and that Heinrich must remit to Jones the value of his purchase contract which is approximately $11,000. He claims that Jones, therefore, is indebted to him in the amount of $9,000.

■■ Heinrich has failed to substantiate the basis of his claim that he is entitled to $9,000. It would be inappropriate for this court to modify the trial court's orders of specific performance, since those orders became

unenforceable when Heinrich conveyed the subject real estate to Worth Bank. If Heinrich wishes to institute an action for reimbursement for rents wrongfully collected, he has a proper remedy at law.

■■ Since no rights of either Worth Bank or Jones can be affected by the decision of this court and since Heinrich has failed to explain the basis of his claim, the case is moot, and we need not consider the merits of plaintiff's claim. Our holding is consistent with the well-established principle that a court of review should not dispose of an appeal on its merits where the court has notice of facts which demonstrate that no actual rights or interests of the parties will be affected thereby. See *West Side Organization Health Services Corp. v. Thompson* (1980), 79 Ill. 2d 503, 404 N.E.2d 208; *Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill. 2d 1, 289 N.E.2d 431; *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673.

The appeal is dismissed as moot.

Appeal dismissed.

O'CONNOR and CAMPBELL, JJ., concur.