## 41500. SMITH et al. v. HOOKER/BARNES, INC.
### (322 SE2d 268)

WELTNER, Justice.

The purchasers appeal from summary judgment in favor of the seller on their claims for specific performance and damages which arose from the breach of a contract for the sale of a house and lot. While a host of issues lurk within the framework of this case, all need not be addressed.

1. The property was a portion of a larger tract, the entirety being subject to three security deeds, the holders of which retained the right to refuse to release any portion of the tract until the entire secured sum was paid. The evidence reflects that the seller attempted to obtain — albeit unsuccessfully — release of the subject property upon a pro rata payment.

"One can not make good title to that which he does not own." *Northington-Munger-Pratt Co. v. Farmers' Gin &c. Co.,* 119 Ga. 851, 853 (47 SE 200) (1904). The seller, on summary judgment, negated the existence of any genuine issue of material fact respecting its ability to convey title, and the trial court correctly denied specific performance.

2. While a seller cannot convey title to that which he does not own, "that does not prevent him from contracting to convey property to be acquired by him in the future. He may make the obligation conditional upon his being able to acquire title from some one else [cits.] but if he contracts absolutely, he will be bound by the terms of his agreement." 119 Ga. at 853. The sales contract here is unconditional as to title. "[I]f because of the want of title a decree for specific performance could not be rendered, this would not deprive the purchaser of his right to damages for the breach." 119 Ga. at 853. "A party may

contract to convey property not then owned by him. If he is not able to make delivery by the consummation date, he will be liable in damages for breach of contract." *Williams v. Bell*, 126 Ga. App. 432, 434 (1) (190 SE2d 818) (1972).

3. There is no merit to the contention that the written sales contract was abandoned by the parties. A genuine issue of material fact exists as to which one of several plats was adopted in the contract as the legal description of the property to be conveyed. There was no valid requirement of an additional downpayment in view of the inability of the seller to convey title. Accordingly, the trial court should not have granted summary judgment against the purchasers' claim for damages.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED NOVEMBER 6, 1984.

O'Callaghan, Saunders & Stumm, Richard L. Stumm, for appellants.

Troutman, Sanders, Lockerman & Ashmore, Robert W. Webb, Jr., Mary Grace Diehl, for appellee.