■ In the Matter of MARTIN WYNYARD, Appellant, v RoTRAUT L.U. BEINY et al., Respondents. ANTIQUE COMPANY OF NEW YORK, Intervenor-Respondent. (Action No. 1.) In the Matter of MARTIN WYNYARD et al., Appellants, v ANTIQUE COMPANY OF NEW YORK, INC., et al., Respondents. (Action No. 2.) In the Matter of MARTIN WYNYARD, Appellant, v ANTIQUE COMPANY OF NEW YORK et al., Respondents. (Action No. 3.) [625 NYS2d 27] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered January 10, 1994, which, *inter alia* (1) denied, without prejudice to other remedies, petitioner Martin Wynyard's motion for summary judgment seeking specific performance of a pledge agreement and possession of certain shares of stock in respondent The Antique Company held by the Beiny Trust, (2) declined to address his motion for summary judgment to dismiss the counterclaim of respondent Patterson Belknap, Webb & Tyler asserting a retaining lien on such shares of stock, and (3) deferred consideration of his motion for an order adjudging respondent Rotraut L.U. Beiny to be in further contempt and determining the punishment for her refusal to purge contempts previously adjudicated against her, unanimously affirmed, without costs.

Contrary to petitioner's contention, the record shows that the trustees of the Beiny Trust refused to consent to the pledge of the stock by respondent Beiny, who was merely the discretionary beneficiary and not owner of the stock, and thus did not personally have the power to pledge the trust's assets (EPTL 7-2.1 [a]; *see, Cohn v United States Trust Co.,* 127 AD2d 523). Specific performance was therefore properly denied as impossible *(see, Newman v Resnick,* 38 Misc 2d 94), rendering moot the question whether attorneys had a valid retaining lien on the stock. Since civil contempt penalties should be

"remedial [in] nature and effect", not punitive *(McCain v Dinkins,* 84 NY2d 216, 229), the Surrogate also properly deferred punishment for Beiny's acts of contempt until conclusion of the accounting proceeding, when the appropriate computations as to damages can be more readily made. Concur—Sullivan, J. P., Wallach, Nardelli, Williams and Mazzarelli, JJ.