Lamar RICHARDS and Lynne P. Richards, individually and dba Markay Enterprises, Plaintiffs and Appellants,

v.

William Udell BAUM, Maxine L. Baum, Estate of Dean E. Terry, Vilate B. Terry, Steven Atom Baum, Florence G. Baum, Internal Revenue Service, IHC Hospitals, State of Utah, Recovery Services, Utah State Tax Commission, and Utah State Industrial Commission, Defendants and Appellees.

No. 940160.

Supreme Court of Utah.

March 28, 1996.

David K. Smith, Midvale, for the Richardses.

Leslie W. Slaugh, Provo, for the Baums.

HOWE, Justice:

Plaintiffs Lamar and Lynne Richards brought this action seeking a decree quieting title and an order requiring defendants William and Maxine Baum to specifically perform a contract to sell certain real property located in Utah County. The Baums counterclaimed, seeking a decree quieting title in their favor. Following a bench trial, the court quieted title in favor of the Baums. The Richardses appeal.

In March 1994, the Richardses filed a notice of appeal. Pursuant to rule 6 of the Utah Rules of Appellate Procedure, they also filed a cost bond with the court. However, they did not seek or obtain a stay of the trial court's decree.[1] In October 1994, the Baums conveyed the property to a third party. The Richardses do not contest the Baums' assertion that the conveyance was part of an arm's-length transaction.

The Baums have moved to dismiss this appeal, contending that it has become moot. The strong judicial policy against giving advisory opinions dictates that courts refrain from adjudicating moot questions. *Merhish v. H.A. Folsom & Assocs.*, 646 P.2d 731, 732 (Utah 1982). Where the issues that were before the trial court no longer exist, the appellate court will not review the case. *McRae v. Jackson*, 526 P.2d 1190, 1191 (Utah 1974); *Mikkelsen v. Utah State Tax Comm'n*, 22 Utah 2d 438, 439–40, 455 P.2d 27, 27 (1969). "An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Franklin Fin. v. New Empire Dev. Co.*, 659 P.2d 1040, 1043 (Utah 1983); *accord Morgan v. Morgan*, 854 P.2d 559, 562 (Utah Ct.App.), *cert. denied*, 860 P.2d 943 (1993).

The Baums contend that since the trial court quieted title to the property in them and the Richardses did not seek or obtain a stay, the Baums were free to treat the property as their own. Furthermore, the Baums argue that since they no longer have an interest in the disputed property, the requested relief of specific performance cannot be granted even if this court should reverse the trial court's judgment. The Richardses, on the other hand, contend that despite the conveyance of the property, they could still pursue a remedy in damages on remand if this court were to decide that the trial court erred. These damages would presumably be proved at a later proceeding in the trial court if that court in its discretion allowed plaintiffs to amend their complaint to seek damages.

It is true that where a court of equity has jurisdiction over a controversy, it has discretionary power to award complete relief, including damages. *Valley Mortuary v. Fairbanks*, 119 Utah 204, 222, 225 P.2d

---

1. The Utah Rules of Civil Procedure provide, "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay, unless such a stay is otherwise prohibited by law or these rules." Utah R. Civ. P. 62(d). The bond is required to protect the appellee if for any reason the appeal is dismissed or the trial court's judgment is affirmed. 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2905, at 522–24 (1995). The Utah Rules of Appellate Procedure also allow, under some circumstances, a motion for a stay to be made to the appellate court. Utah R.App. P. 8(a); *Jensen v. Schwendiman*, 744 P.2d 1026, 1027 (Utah Ct. App.1987). Even absent a stay under these rules, we have held that an unreleased lis pendens continued to be effective after judgment and pending appeal. *Hidden Meadows Dev. Co. v. Mills*, 590 P.2d 1244, 1247 (Utah 1979). Here, however, there is no evidence in the record that the Richardses took any steps to prevent the Baums from legally conveying the disputed land to a third party.

739, 749 (1950); *Draper v. J.B. & R.E. Walker, Inc.,* 115 Utah 368, 374, 204 P.2d 826, 829 (1949); *King Aircraft Sales, Inc. v. Lane,* 68 Wash.App. 706, 846 P.2d 550, 555 (1993). In addition, where a plaintiff seeks specific performance of a contract and that relief is not available, the trial court may grant monetary damages for breach of contract. *Wittick v. Miles,* 274 Or. 1, 545 P.2d 121, 124 (1976); 81A C.J.S. *Specific Performance* § 202 (1977); 71 Am.Jur.2d *Specific Performance* § 214 (1973).

These rules of law would have permitted the Richardses to recover damages if they had prevailed on the merits *at trial* and found that the Baums were unable to specifically perform the contract. However, this court has taken a different approach when an *appellant* has failed to obtain a stay of the judgment and the remedy sought is thereafter rendered impossible. In *Kellch v. Westland Minerals Corp.,* 26 Utah 2d 42, 484 P.2d 726 (1971), the plaintiff stockholders brought an action to require the defendant corporation to issue them free trading stock rather than investment stock. The trial court granted the relief sought, and the corporation appealed. The corporation took no steps to stay the operation of the judgment or to supply a supersedeas bond. The stockholders then sold and transferred the stock to third parties. This court held that it was "without power to grant any relief to the [corporation] *and upon remand the court below would be equally powerless*" and dismissed the appeal as moot. *Kellch,* 26 Utah 2d at 43, 484 P.2d at 726 (emphasis added). Thus we rejected the notion, now advanced by the Richardses, that even though the property has been sold due to the appellant's failure to obtain a stay or post a supersedeas bond, this court should decide the merits of the appeal and, if the appellant prevails, remand the case to the trial court, where the appellant could seek damages in lieu of the lost property.

This court has never held that when an appellant fails to obtain a stay and the property sought is conveyed in good faith to a third party, the appellant is entitled to return to the trial court to have damages awarded if successful on appeal. Neither the Richards-es nor the dissent has cited a single case where this took place. Nor could they: other jurisdictions that have addressed this issue have denied such relief. For instance, the Illinois Appellate Court has held that "in the absence of a stay, an appeal is moot if possession or ownership of specific property which is inextricably involved in the relief being sought on appeal has been conveyed to third parties." *Horvath v. Loesch,* 87 Ill. App.3d 615, 43 Ill.Dec. 154, 157, 410 N.E.2d 154, 157 (1980) (citation omitted) (holding appeal moot on this basis). This holding is consistent with numerous other cases that held the appeal moot when the appellant failed to obtain a stay and the requested relief was subsequently rendered impossible. *See, e.g., Masonry Arts, Inc. v. Mobile County Comm'n,* 628 So.2d 334, 335 (Ala.1993) (public contract awarded and executed); *Jones v. Matthis,* 89 Ill.App.3d 929, 45 Ill. Dec. 298, 300, 412 N.E.2d 649, 651 (1980) (real estate sold); *Hazzard v. Westview Golf Club, Inc.,* 217 A.2d 217, 226 (Me.1966) (golf course sold); *Basiliko v. Welsh,* 219 Md. 602, 150 A.2d 220, 221 (1959) (mortgaged property sold); *Wagner v. Boggess Coal & Supply Co.,* 94 N.E.2d 64, 66 (Ohio Ct.App.1950) (corporation dissolved); *Westinghouse Elec. v. Grand River Dam Auth.,* 720 P.2d 713, 721 (Okla.1986) (public contract awarded and executed). Any other result would nullify the requirement that the appellant obtain a stay pending appeal.

The dissent attempts to distinguish *Kellch* and the above cases by stating that in each case, the action was moot because the *only* available remedy was extinguished while the appeal was pending. As previously noted, that was not true in *Kellch,* as damages could have been recovered on remand had this court thought it proper. Instead, we dismissed the action as moot.

■ The dissent reasons that if the Richardses are successful on appeal, upon remand they could amend their pleadings to seek damages to be proved in a new court proceeding. Although the amendment of pleadings is sometimes permitted on remand, *on appeal* we do not base our examination of the pleadings on the possibility of future amendments that a trial court *may* in its discretion

allow or disallow. Instead, we examine the action before us in its present form.

■ The dissent cites rule 54(c)(1) of the Utah Rules of Civil Procedure, which provides in part:

[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

This rule clearly pertains to *a trial court's* authority prior to its final judgment, not to an appellate court's authority to look beyond the case as it stands on appeal. Indeed, all of the cases cited by the dissent deal with a trial court's powers on direct disposition. *See, e.g., Mabey v. Kay Peterson Constr. Co.,* 682 P.2d 287, 290 (Utah 1984) (trial court could have reformed contract if mutual mistake of fact had been established); *Combe v. Warren's Family Drive–Inns, Inc.,* 680 P.2d 733, 735 (Utah 1984) ("Although Rule 54(c)(1) permits relief on grounds not pleaded, that rule does not go so far as to authorize the granting of relief on issues neither raised nor tried."); *Behrens v. Raleigh Hills Hosp., Inc.,* 675 P.2d 1179, 1182 (Utah 1983) (plaintiff should have been allowed to amend complaint prior to trial to include punitive damages).

In *Franklin Financial v. New Empire Development Co.,* 659 P.2d 1040 (Utah 1983), this court anticipated the issue in the present case and directed a resolution in accord with our holding. In that case, the seller of an apartment complex sought to foreclose on a contract of sale. The trial court granted the seller summary judgment and ordered a sale of the property. *Id.* at 1042. The buyers filed notices of appeal but failed to obtain a stay of the judgment. *Id.* at 1043. The sale went forward. When the complex sold for less than the amount of the judgment, the sellers obtained a deficiency judgment.

The buyers argued on appeal that the entry of summary judgment was in error. The sellers countered that the appeal should be dismissed as moot because the foreclosure sale had already been carried out and the period of redemption had passed. *Id.* The court held that the appeal was not moot because the appellants were not trying to prevent the foreclosure but were merely trying to establish their right to a share of the sale proceeds. However, the court indicated that

if appellant were seeking on this appeal to prevent the foreclosure sale, and because of their failure to obtain a stay of execution, the sale were legally carried out during the pendency of the appeal and the time for redemption had run, the appeal would be moot.

*Id.* (citations omitted).

In this case, the sole relief the Richardses sought at trial was specific performance of a real estate contract and a decree quieting title to the property. Because of their failure to obtain a stay pending this appeal, the property was lawfully sold to another. No action which we could now take would affect the litigants' rights to the property. *See Burkett v. Schwendiman,* 773 P.2d 42, 44 (Utah 1989) ("A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants."); *Osguthorpe v. Osguthorpe,* 872 P.2d 1057, 1058 (Utah Ct. App.), *cert. denied,* 883 P.2d 1359 (1994) (same).

Appeal dismissed.

ZIMMERMAN, C.J., and RUSSON, J., concur in the opinion of HOWE, J.

STEWART, Associate Chief Justice, dissenting:

The majority rules that because plaintiffs did not post a supersedeas bond and obtain a stay of the trial court's judgment which denied plaintiffs specific performance of a land sale contract and quieted title in defendants, defendants' sale of the property during the pendency of the appeal has mooted the breach of contract issue. Clearly, the case is not moot if plaintiffs would have a damage remedy in lieu of specific performance on a remand if this Court were to rule that the trial court erred in finding no breach of contract. However, the Court holds that if there were a reversal, plaintiffs would not be entitled to damages in lieu of specific performance on the hyper-technical and, I submit, erroneous ground that plaintiffs failed in their prayer for relief in the complaint to add

to their request for specific performance the words "and in the alternative, a judgment for damages."

I submit that if plaintiffs are correct on the merits of their appeal, they clearly would have a remedy for damages even though they neglected to request damages in their complaint. *See Eckard v. Smith*, 545 P.2d 501 (Utah 1976) (remanding to determine damages after erroneous decree for specific performance had been executed); *see also* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2905, at 524–25 (1995) ("[S]o long as, upon reversal, restitution can be enforced, payment of the judgment does not make the controversy moot."). Because the case is not moot, plaintiffs are being denied their right of appeal.

The majority states, "We do not base our examination of pleadings upon the possibility of future amendments." That position is an anachronistic throwback to the rigidity of common law code pleading and completely ignores the strong policy in our rules of civil procedure in favor of deciding cases on their merits rather than on procedural technicalities. Rule 54(c)(1) of the Utah Rules of Civil Procedure provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*" (Emphasis added.) That rule has been invoked by this Court on numerous occasions to provide for the amendment of pleadings so that substantive law, rather than a procedural technicality based on an insignificant lapse in the pleadings, governs the outcome of a case. *E.g., Mabey v. Kay Peterson Constr. Co.*, 682 P.2d 287, 289–90 (Utah 1984); *Combe v. Warren's Family Drive–Inns, Inc.*, 680 P.2d 733, 735 (Utah 1984); *Behrens v. Raleigh Hills Hosp.*, 675 P.2d 1179, 1182 (Utah 1983); *see also, e.g., Walsh v. Macaire*, 102 Cal.App.2d 435, 227 P.2d 517, 520 (1951); *Smith v. Hooker/Barnes, Inc.*, 253 Ga. 514, 322 S.E.2d 268, 269 (1984); *Boyle Holding Corp. v. Medgreen Holding Corp.*, 154 Misc. 189, 276 N.Y.S. 670, 672 (Sup.Ct.1933); *Wittick v. Miles*, 274 Or. 1, 545 P.2d 121, 124 (1976).

If plaintiffs were to prevail on the merits of this appeal, they would be entitled on remand to request damages by filing a supplemental pleading pursuant to Rule 15(d) of the Utah Rules of Civil Procedure. That rule provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.

Rule 15(a) provides that a party may amend a pleading by leave of court or written consent of the other party "*and leave shall be freely given when justice so requires.*" (Emphasis added.)

This Court has consistently held that Rule 15 is to be construed liberally to allow amendments so that cases may be fully and fairly decided on their merits. *See Williams v. State Farm Ins. Co.*, 656 P.2d 966, 971 (Utah 1982) ("[T]he fundamental purpose of our liberalized pleading rules is to afford parties 'the privilege of presenting whatever legitimate contentions they have pertaining to their dispute.'" (quoting *Cheney v. Rucker*, 14 Utah 2d 205, 211, 381 P.2d 86, 91 (1963))); *see also Timm v. Dewsnup*, 851 P.2d 1178, 1182–83 (Utah 1993); *Bekins Bar V Ranch v. Huth*, 664 P.2d 455, 464 (Utah 1983); *Cheney v. Rucker*, 14 Utah 2d 205, 211, 381 P.2d 86, 91 (1963).

Even on remand, pleadings may be amended to allow the parties to present whatever legitimate contentions they have so that their rights and liabilities may be fully decided, *see Call v. City of West Jordan*, 727 P.2d 180, 181 (Utah 1986), and this Court has the power to direct the trial court to allow an amendment to the pleadings on remand. *Olsen v. Reese*, 114 Utah 411, 419, 200 P.2d 733, 738 (1948) (On remand, "[t]he parties are to be permitted to amend their pleadings."). Thus, if the Court were to reverse and remand this case to adjudicate plaintiffs' contract action, it could direct the trial court to allow plaintiffs to amend their pleadings or to file a supplemental pleading to include a claim for damages in light of the rule that a

party is entitled, under Rule 54(c)(1) of the Utah Rules of Civil Procedure, to all appropriate relief, even if not requested. *See also Clark v. Second Circuit Court*, 741 P.2d 956, 957–58 (Utah 1987).

The majority admits, as indeed it must, that these rules of pleading would have permitted plaintiffs a damage remedy if they had prevailed in the trial court and then, before an appeal was taken, found that defendants could not specifically perform the contract, even though plaintiffs had not asked for damages in their prayer for relief. Nevertheless, the Court holds that a plaintiff is not entitled to damages if the magic words "in the alternative, a judgment for damages" are left out of the prayer for relief and then the plaintiff loses in the trial court, does not file a supersedeas bond, and wins on appeal after the property is sold. The majority suggests no policy and cites no rule as to why the result should be different. Indeed, there is no such policy or rule.

The Court's sole justification for ruling as it does is that "this court has taken a different approach when an 'appellant has failed to obtain a stay of the judgment and the remedy sought is thereafter rendered impossible,' " citing *Kellch v. Westland Minerals Corp.*, 26 Utah 2d 42, 484 P.2d 726 (1971). However, *Kellch* does not support the majority's position. In *Kellch*, the plaintiffs petitioned for a writ of mandamus in the district court to compel Westland Minerals Corp. to replace the plaintiffs' investment stock with free trading stock. The trial court granted the writ, and Westland appealed without obtaining a stay. Before this Court issued a decision on the merits, the plaintiffs sold the stock to a third party. This Court ruled that it was "without power to grant any relief to the appellant and *upon remand, the court below would be equally powerless.*" *Id.* at 43, 484 P.2d at 726 (emphasis added). The

reason "the court below would be equally powerless" was that there was no alternative remedy for damages, or any other remedy, that could have been granted by the trial court on the alleged claim, irrespective of what had or had not been pleaded, if the defendant had prevailed on the merits of the appeal. I submit that the majority is simply incorrect in stating that *Kellch* applies here. Of course a case is moot if no relief can be granted on remand. That is not the case here.

None of the cases the Court cites from other jurisdictions as support for its position is on point. In each case, as in *Kellch*, no alternative remedy was available once the relief requested for the cause of action asserted was mooted.[1] In each case, the appeal was moot because the *only* remedy for the claim asserted was extinguished while the appeal was pending.[2]

In sum, plaintiffs have been denied their right of appeal, and if their position on appeal is correct, they have been denied their right to a remedy.

DURHAM, J., concurs in the dissenting opinion of STEWART, Associate C.J.

---

1. Whether another *cause of action* might provide some kind of remedy presents a different issue than whether there is an alternative remedy for the same cause of action.

2. The Court cites the following cases, none of which addresses the issue in this case: *Masonry Arts, Inc. v. Mobile County Comm'n*, 628 So.2d 334 (Ala.1993); *Horvath v. Loesch*, 87 Ill.App.3d 615, 43 Ill.Dec. 154, 410 N.E.2d 154 (1980); *Jones v. Matthis*, 89 Ill.App.3d 929, 45 Ill.Dec. 298, 298–99, 412 N.E.2d 649, 649–50 (1980); *Hazzard v. Westview Golf Club, Inc.*, 217 A.2d 217 (Me.1966); *Basiliko v. Welsh*, 219 Md. 602, 150 A.2d 220, 220–21 (1959); *Wagner v. Boggess Coal & Supply Co.*, 94 N.E.2d 64, 64–65 (Ohio 1950); *Westinghouse Elec. v. Grand River Dam Auth.*, 720 P.2d 713, 721 (Okla.1986).