J. EDWARD JONES, Plaintiff-Appellant, *v.* GORDON MATTHIS *et al.,* Defendants.—(RAYMOND HEINRICH, Defendant-Appellee.)

First District (1st Division)    No. 76-1176

Opinion filed March 13, 1978.—Rehearing denied April 12, 1978.

J. Edward Jones, of Blue Island, for appellant, *pro se.*

Robert P. Bradenburg and Louis C. Karbiner, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff J. Edward Jones executed a contract with defendant Raymond Heinrich. Under the terms of said contract, both parties were to execute a new contract for the sale of land to plaintiff if the current tenants defaulted on their contract to purchase the land from Heinrich. The terms of the new contract were to be the same as those under tenants' contract sale.

The tenants defaulted. Defendant Heinrich turned the land over to plaintiff and plaintiff leased the premises to defendant Gordon Matthis. However, no new contract was ever executed. When Matthis' rent became overdue, the plaintiff filed suit. Because Matthis claimed that he did not know whether he owed rent to plaintiff or Heinrich, plaintiff joined Heinrich as a defendant. Plaintiff had been collecting all of the rents while defendant Heinrich paid the property taxes and insurance premiums.

After a bench trial, the trial court ordered plaintiff to pay $11,000 to defendant Heinrich. Plaintiff was also ordered to reimburse defendant Heinrich for all property taxes and insurance premiums paid. Also included was interest of 6 percent per annum on the insurance premiums and taxes. Defendant Heinrich was to convey title to plaintiff.

On appeal plaintiff argues that the trial court erred in ordering him to reimburse defendant Heinrich for all taxes, interest and insurance premiums paid.

We affirm.

Plaintiff J. Edward Jones is an attorney, licensed to practice in Illinois. On January 27, 1968, he executed a contract with defendant Raymond Heinrich. Under the terms of the agreement, both parties were to execute a contract for the sale of land to Jones if the current tenants (the Maces) defaulted in their contract to purchase said land from Heinrich. The terms of the new contract were to be the same as those contained in the contract between Heinrich and the Maces.

Several months later, after having become delinquent in their monthly payments to Heinrich, the Maces vacated the premises.

No new contract for the conveyance of the land to Jones was ever executed. In spite of this fact, Jones leased the premises to new tenants and began collecting rent. Heinrich, however, retained title to the property. For approximately six years, Jones collected all of the rents while Heinrich paid the property taxes and insurance premiums.

During this time, Jones allegedly tendered payment of rent due under the Mace contract. He testified that Heinrich repeatedly refused to accept these payments on the grounds that he no longer wished to sell the property to Jones. However, Heinrich testified that no such tenders were ever made, for if they were, he would have accepted them.

In 1973, the latest tenant, defendant Gordon Matthis, became delinquent in his rental payments. Matthis stated that he did not know whether he should make his payments to Heinrich or Jones. As a consequence, Jones sued Matthis for rent due and joined Heinrich as an additional defendant.

In his cause against Heinrich, Jones alleged that Heinrich breached

their contract of January 27, 1968, by refusing to execute a new contract for the sale of the land. Jones sought specific performance in order to compel Heinrich to convey title to him.

After a bench trial, the trial court held that Heinrich should convey title to Jones and that Jones should (1) pay the balance due on the Mace contract ($11,000); (2) reimburse Heinrich for all general taxes paid; and (3) reimburse Heinrich for all insurance premiums paid. Also included were interest payments of 6 percent on the taxes and insurance premiums. On appeal Jones argues that the trial court erred in ordering him to reimburse Heinrich for taxes, insurance premiums, and interest.

■■■ We disagree. The contract executed by Jones and Heinrich in 1968 provided that they would execute a new contract for the sale of land when the Maces defaulted on their payments. The trial court found that after the Maces were notified of Heinrich's subsequent forfeiture of the contract, Jones made repeated efforts to negotiate the new contract. Jones did this by tendering the rents due under the Mace contract. Consequently, when Heinrich refused to accept these payments or to otherwise go through with the sale, he was in total breach of contract, since a "total" breach is a failure to do an important, substantial or material undertaking set forth in the contract. (*Anderson v. Long Grove Country Club Estates, Inc.* (1969), 111 Ill. App. 2d 127, 249 N.E.2d 343.) Because the contract involved the sale of real estate, the trial court properly granted Jones' request for specific performance. *Rootberg v. Richard J. Brown Associates* (1973), 14 Ill. App. 3d 301, 302 N.E.2d 467.

■■■ Having decided to put the parties in the same position they would have been in had the new contract been executed, the trial court ordered Jones to reimburse Heinrich for taxes and insurance premiums paid, plus interest. This result follows from the equitable maxim that equity regards as done that which ought to have been done. (*Crest Finance Co. v. First State Bank* (1966), 66 Ill. App. 2d 364, 214 N.E.2d 526, rev'd in part (1967), 37 Ill. 2d 243, 226 N.E.2d 369.) After all, had the new contract been executed, Jones would have paid the taxes and insurance premiums. Thus it would be manifestly unfair for Jones to escape reimbursing Heinrich for these expenses, particularly in view of the fact that he received all of the rents from said property. Additionally, because Heinrich lost the use of the funds used to pay Jones' taxes and insurance premiums, an interest charge was properly assessed against Jones.

Therefore, for the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.