**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Jesse Marie MARTINEZ, Defendant and Appellant.**

**No. 950759–CA.**

Court of Appeals of Utah.

Sept. 19, 1996.

Scott L. Wiggins, Salt Lake City, for Appellant.

Jan Graham and Kris C. Leonard, Salt Lake City, for Appellee.

Before ORME, BILLINGS and GREENWOOD, JJ.

BILLINGS, Judge:

Jesse Marie Martinez appeals her conviction and sentence for aggravated robbery, a first-degree felony, in violation of Utah Code Ann. § 76–6–302 (1995), claiming she was denied her federal and state constitutional rights to counsel. We affirm.

### FACTS

Defendant was charged by information with aggravated robbery, aggravated kidnaping, and possession of a controlled substance.

Pursuant to plea negotiations, defendant entered a guilty plea to aggravated robbery on April 11, 1995, in exchange for dismissal of the remaining counts. To allow for preparation of a presentence report, the matter was set for sentencing on May 23, 1995.

At the May 23 hearing, defendant appeared with appointed trial counsel, Mr. William J. Albright. The court first stated that it was willing to have a diagnostic evaluation of defendant done to determine if other programs may be more appropriate than committing her to prison, as recommended by the presentence report. At that point, Mr. Albright informed the court that defendant had just told him that she had filed a complaint against him with the bar. Mr. Albright moved to withdraw from the case due to the conflict and informed the court that Mr. Don S. Redd would be the conflict attorney representing defendant. The court granted counsel's motion to withdraw.

That same day, the court entered a minute entry stating the court would order a 60–day evaluation of defendant and that the matter was set for sentencing on July 25, 1995. The court also entered an Order for 60–Day Evaluation. The Order committed defendant to the custody of the Division of Corrections for a diagnostic evaluation and ordered defendant to return to the court on July 25, 1995, for sentencing.

Mr. Redd appeared with defendant at the July 25 sentencing hearing, at which time both he and defendant addressed the court. The court then sentenced defendant to a term of five years to life plus a fine and a surcharge. Defendant now challenges her sentence, arguing that she was denied her constitutional right to the assistance of counsel at the May 23 hearing when the judge ordered a 60–day diagnostic evaluation and that the court abused its discretion in sentencing.

## I. MOOTNESS

■ Because defendant did not have counsel at the May 23 hearing, she requests this Court to vacate her sentence and remand the case for resentencing so that she has the opportunity to be represented by counsel during sentencing. However, since defendant was represented by counsel at her subsequent July 25 sentencing hearing and allowed a full opportunity to present mitigating evidence before her sentencing, her claim raises a question of mootness.

■ "An issue on appeal is considered moot when 'the requested judicial relief cannot affect the rights of the litigants.'" *State v. Sims,* 881 P.2d 840, 841 (Utah 1994) (citation omitted); *Duran v. Morris,* 635 P.2d 43, 45 (Utah 1981). "[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction."[1] *Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968). In this case, defendant pleaded guilty to the crime and on appeal challenges only the procedures employed in imposing her sentence. Defendant's resulting sentence does not invoke any possible collateral legal consequences.

Even if we were to accept defendant's claim, we could not put defendant in a better position. Defendant has already completed the 60–day evaluation ordered by the court at the May 23 hearing, and defendant had an opportunity to be represented by counsel at the July 25 sentencing hearing. Thus, if we were to vacate defendant's sentence and remand the case for a new sentencing hearing, we would be requiring the court to conduct another hearing identical to the July 25 hearing. Defendant has simply not demonstrated how the result could be different.

Utah courts occasionally invoke an exception to mootness for an issue that, "although technically moot as to a particular litigant at the time of appeal, is of wide concern, affects the public interest, is likely to recur in a similar manner, and, because of the brief time any one person is affected, would otherwise likely escape judicial review." *Wick-*

---

1. "Collateral legal consequences" from a conviction has been defined to include "the use of the conviction to impeach the petitioner's character or as a factor in determining a sentence in a future trial, as well as petitioner's inability to vote, engage in certain businesses; or serve on a jury." *Duran v. Morris,* 635 P.2d 43, 45 (Utah 1981).

*ham v. Fisher,* 629 P.2d 896, 899 (Utah 1981); *see also Sims,* 881 P.2d at 841–42. In *Wickham,* the court invoked the exception and reached the merits of an issue because it was not possible to adjudicate the legality of the conditions of pretrial confinement at the county jail during any inmate's short period of detention. *Wickham,* 629 P.2d at 900. The court concluded the conditions at the jail giving rise to constitutional issues remained, such conditions reflected a continuing and recurring controversy, and there was a strong public interest in having the legality of the conditions settled. *Id.*

However, the unique facts in the instant case present a situation that is unlikely to recur in a similar manner. In addition, it is well settled that sentencing is a critical stage in a criminal proceeding and that defendants have a right to counsel during sentencing. *Mempa v. Rhay,* 389 U.S. 128, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967); *State v. Casarez,* 656 P.2d 1005, 1007 (Utah 1982). We therefore conclude defendant's claim that she was denied her federal and state constitutional rights to counsel is moot.[2]

## II. ABUSE OF DISCRETION

Next, defendant claims the trial court abused its discretion because it failed to consider legally relevant factors at sentencing. First, defendant argues the trial court failed to determine whether an alternative correctional program offered a program suitable for defendant's needs. However, defendant's diagnostic evaluation report specifically recommended that in spite of defendant's acceptance into the alternative program, the prison offered a more appropriate long-term program for defendant. The trial court was within its discretion to rely on this recommendation.

Second, defendant contends the trial court failed to properly clarify an alleged discrep-

ancy in the written reports. Defendant claims her trial counsel alerted the court to a discrepancy concerning whether defendant actually pointed a gun at the victim during the course of events that led to her aggravated robbery charge. Both the presentence report and the diagnostic evaluation accurately reflect both versions of the incident. Moreover, defendant fails to establish that the recommendations in either report were based on her refusal to admit she pointed a gun at the victim. Therefore, we conclude the trial court did not abuse its discretion in sentencing defendant.

## CONCLUSION

Defendant's claim that her constitutional right to counsel was denied is moot as a result of the subsequent July 25 sentencing hearing. Furthermore, the trial court did not abuse its discretion in sentencing defendant. We therefore affirm.

GREENWOOD, J., concurs.

ORME, P.J., concurs in result.

2. Because we have determined this issue is moot, we may not reach the merits of defendant's claim that the May 23 sentencing hearing was a critical stage of her prosecution at which she had a constitutional right to counsel. "When declaring an issue moot, a court specifically declines to address the merits." *State v. Sims,* 881 P.2d 840, 842 n. 5 (Utah 1994) (emphasizing court's refusal to address issues raised by parties as result of mootness "says nothing about their merits and does not preclude review of these issues in future cases"). Further, "when an issue is moot, '[j]udicial policy dictates against our rendering an advisory opinion.'" *Id.* at 841 (quoting *Black v. Alpha Fin. Corp.,* 656 P.2d 409, 410–11 (Utah 1982)). Thus, any opinion we might render on the merits would be advisory.