IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110682-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Charles Brandon Peterson, | ) | (December 20, 2012) |
| | ) | |
| Defendant and Appellant. | ) | 2012 UT App 363 |

-----

Third District, Salt Lake Department, 111900451
The Honorable Ann Boyden

Attorneys:    Debra M. Nelson and Kerri S. Priano, Salt Lake City, for Appellant
              Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee

-----

Before Judges Orme, McHugh, and Christiansen.

McHUGH, Judge:

¶1    Charles Brandon Peterson challenges his sentence of 360 days in jail for one count of possession or use of a controlled substance, a third degree felony. *See* Utah Code Ann. § 58-37-8(2)(a)(i) (LexisNexis 2012).[1] We dismiss the appeal as moot.

¶2    Peterson appeals his sentence on the basis that the trial court abused its discretion in sentencing him to jail because it did so without a presentence report and

---

[1]Because a subsequent amendment did not substantively change the relevant provision of the Utah Code, we cite the current version for the convenience of the reader. *Compare* Utah Code Ann. § 58-37-8(2)(a)(i) (LexisNexis Supp. 2010), *with id.* (2012).

did not rely on reasonably reliable and relevant information. In sentencing Peterson on June 27, 2011, to 360 days in jail, the trial court gave him credit for time served and invited Peterson to petition the court for early release if he successfully completed a drug treatment program while incarcerated. The State argues that Peterson's appeal is moot because he was released from jail on December 24, 2011, and his case is now closed. Thus, the State contends that the requested relief of resentencing cannot affect Peterson's rights.

¶3 We exercised our discretion to treat the State's argument as a suggestion of mootness and invited a response from Peterson. *See* Utah R. App. P. 37(a) (providing that each party has a duty "to inform the court of any circumstances which have transpired subsequent to the filing of the appeal or other proceeding which render moot one or more of the issues raised"). Peterson admits that he "is no longer incarcerated in relation to this case and the trial court ordered the case to be closed upon completion of his jail sentence." Nevertheless, Peterson states that he "wishes to exercise his right to appeal" and asks us to dismiss the suggestion of mootness. However, Peterson advances no argument that the appeal is not moot, and he does not have a right to an advisory opinion from this court.[2]

¶4 "'Generally, we will not decide a case that is moot.'" *In re Adoption of L.O.*, 2012 UT 23, ¶ 8, 282 P.3d 977 (quoting *In re C.D.*, 2010 UT 66, ¶ 11, 245 P.3d 724). An issue becomes moot while an appeal is pending if "'circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect.'" *Id.* (quoting *Richards v. Baum*, 914 P.2d 719, 720 (Utah 1996)). In other words, "'[w]here the issues that were before the trial court no longer exist, the appellate court will not review the case.'" *Id.* (quoting *Richards*, 914 P.2d at 720).

¶5 Here, Peterson does not challenge his conviction, so the collateral consequences attendant to an unlawful conviction are not at issue. *See State v. Martinez*, 925 P.2d 176, 177 (Utah Ct. App. 1996) ("'[A] criminal case is moot only if it is shown that there is no

---

[2]Nor does Peterson argue that, under the facts of this case, we can consider his appeal under an exception to the mootness doctrine. *See, e.g., State v. Fife*, 911 P.2d 989, 991 (Utah Ct. App. 1996) (discussing the public policy exception to the mootness doctrine).

possibility that any collateral legal consequences will be imposed . . . .'" (alteration in original) (quoting *Sibron v. New York*, 392 U.S. 40, 57 (1968))). He instead limits his appeal to the legality of his sentence. The sentencing order states, "Case is closed upon completion of jail sentence," and Peterson admits that his jail sentence has been completed and his case closed. Thus, the relief he requests—resentencing—is "impossible or of no legal effect." *See In re Adoption of L.O.*, 2012 UT 23, ¶ 8. Accordingly, the issues raised on appeal are moot. *See State v. Davis*, 721 P.2d 894, 895 (Utah 1986) (per curiam) ("However questionable the procedures employed in entering the formal order of sentence, the matter is now moot since defendant has served his sentence and has received a formal termination of probation.").

¶6    Dismissed.


_____
Carolyn B. McHugh, Judge


-----


¶7    WE CONCUR:


_____
Gregory K. Orme, Judge


_____
Michele M. Christiansen, Judge