**2013 UT App 91**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

MARK LOUIS HOOKER,

*Defendant and Appellant.*

Memorandum Decision
No. 20110290-CA
Filed April 18, 2013

Third District, Salt Lake Department
The Honorable Randall N. Skanchy
No. 091908709

Joan C. Watt and Christopher Jones, Attorneys for Appellant
John E. Swallow and John J. Nielsen, Attorneys for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision,
in which JUDGES GREGORY K. ORME and WILLIAM A. THORNE JR.
concurred.

DAVIS, Judge:

¶1     Mark Louis Hooker appeals the trial court's order revoking his probation and requiring him to serve ninety days in jail. We determine Hooker's appeal to be moot and, accordingly, dismiss it.

¶2     "An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Richards v. Baum*, 914 P.2d 719, 720 (Utah 1996) (citation and

internal quotation marks omitted). In this case, Hooker has already served the ninety-day sentence, he has been released from jail, and his case has been closed. Thus, reinstating his probation at this point would have "no legal effect." *See id.* (citation and internal quotation marks omitted); *see also State v. Peterson*, 2012 UT App 363, ¶ 5, 293 P.3d 1103 (mem.) (holding that where the defendant challenged only the lawfulness of his sentence and not the underlying conviction itself, the completion of his sentence and closure of his case rendered his appeal moot).

¶3     A moot appeal "must be dismissed . . . unless it can be shown to fit within a recognized exception to the mootness principle." *Duran v. Morris*, 635 P.2d 43, 45–46 (Utah 1981) (discussing the collateral consequences exception and the public interest exception to mootness). Hooker has not alleged, much less demonstrated, that any such exception is applicable here. Accordingly, we dismiss his appeal.

———————