2014 UT App 271

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,

*v.*

THEOPHELUS CLAY MCCLELLAN JR.,
Defendant and Appellant.

Memorandum Decision
No. 20130469-CA
Filed November 14, 2014

Third District Court, Salt Lake Department
The Honorable Randall N. Skanchy
No. 121911815

Joanna E. Landau, Attorney for Appellant

Sean D. Reyes and Ryan D. Tenney, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES STEPHEN L. ROTH and JOHN A. PEARCE
concurred.

VOROS, Judge:

¶ 1    Theophelus Clay McClellan Jr. appeals his sentences for retail theft and for violating a protective order. Because he has already served these sentences, we dismiss the appeal as moot.

¶ 2    On April 29, 2013, the district court sentenced McClellan to two concurrent 365-day jail sentences less time served. The court ordered the cases to be closed upon completion of the sentences. McClellan's appeal does not challenge his convictions, only his sentences, which he has now completed.

¶ 3 Courts are not in the business of deciding moot cases. *See In re C.D.*, 2010 UT 66, ¶ 11, 245 P.3d 724. An appellate challenge becomes moot when "circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Richards v. Baum*, 914 P.2d 719, 720 (Utah 1996). Accordingly, "[w]here the issues that were before the trial court no longer exist, the appellate court will not review the case." *Id.*

¶ 4 Where a defendant completes his sentence and his case is closed, an appeal challenging that sentence is generally moot. *See State v. Peterson*, 2012 UT App 363, ¶ 5, 293 P.3d 1103; *State v. Martinez*, 925 P.2d 176, 177 (Utah Ct. App. 1996). Because McClellan has completed his sentences, "the relief he requests—resentencing—is 'impossible or of no legal effect.'" *See Peterson*, 2012 UT App 363, ¶ 5 (quoting *In re Adoption of L.O.*, 2012 UT 23, ¶ 8, 282 P.3d 977). His appellate challenge is thus moot.

¶ 5 It is true that a criminal case is moot "'only if it is shown that there is no possibility that any collateral legal consequences will be imposed.'" *Martinez*, 925 P.2d at 177 (quoting *Sibron v. New York*, 392 U.S. 40, 57 (1968)). And McClellan asserts that his sentences prevent him from "improv[ing] his living situation and support network in the community" and from "be[ing] a better father to his children." But such consequences, even if they persist past McClellan's incarceration, are not imposed by law and thus do not qualify as collateral consequences in this context. *See Towner v. Ridgway*, 2012 UT App 35, ¶ 9, 272 P.3d 765 (noting that specific consequences of district court denying motion to vacate civil stalking injunction—"such as harm to his reputation, family relationships, and employment prospects—are not 'imposed by law'" and are therefore not collateral consequences of the alleged illegality); *cf. Spencer v. Kemna*, 523 U.S. 1, 16 n.8 (1998) (noting that an injury to reputation or stigma resulting from a criminal conviction is not adequate alone to overcome mootness).

¶ 6    McClellan also claims that his appeal fits within an exception to the mootness doctrine. While we typically decline to adjudicate moot questions, we recognize an exception to this general rule where the "alleged wrong is 'capable of repetition yet evading review.'" *In re Giles*, 657 P.2d 285, 286 (Utah 1982) (quoting *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911)). This exception applies to an issue that "is of wide concern, affects the public interest, is likely to recur in a similar manner, and, because of the brief time any one person is affected, would otherwise likely escape judicial review." *Wickham v. Fisher*, 629 P.2d 896, 899 (Utah 1981); *see also State v. Moore*, 2009 UT App 128, ¶ 11, 210 P.3d 967 (referencing *Wickham*'s standard in dismissing as moot appellant's claim that he was denied due process at disciplinary hearing). However, McClellan's challenge to his concurrent sentences depends on the unique circumstances of this particular case and is not of wide concern. Hence the exception does not apply here.

¶ 7    Because McClellan is no longer incarcerated and no legally imposed collateral consequences flow from his sentences, the present appeal is moot. We accordingly dismiss it.

_____