2024 UT App 13

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DEREK RANDALL JONES,
Appellant.

Opinion
No. 20220444-CA
Filed February 1, 2024

Fourth District Court, Heber Department
The Honorable Jennifer A. Brown
No. 181500109

Debra M. Nelson and Wendy Brown, Attorneys for
Appellant, assisted by law student
Mitchell C. Roundy[1]

Sean D. Reyes and Natalie M. Edmundson,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES JOHN D. LUTHY and AMY J. OLIVER concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     Derek Randall Jones pleaded guilty to sexual battery, a class A misdemeanor. Approximately one month later, the district court placed Jones on probation and sentenced him to 180 days in jail as an initial condition of his probation. The court also declined to credit Jones for good behavior time on his jail sentence. Jones now appeals his sentence, arguing that the sentence was illegal because the plain language of the statute allows the court to order jail as a condition of probation only in felony cases and that the

---

1. *See* Utah R. Jud. Admin. 14-807 (governing law student practice in the courts of Utah).

court abused its discretion by declining credit for good behavior time. The State, however, contends that this matter is moot because Jones completed his jail sentence in 2022 and therefore this court "cannot grant [Jones] any relief." We agree with the State and dismiss the appeal as moot.

¶2      Mootness is a jurisdictional issue and courts will generally not resolve an issue that becomes moot. *See Utah Transit Auth. v. Local 382 of Amalgamated Transit Union*, 2012 UT 75, ¶¶ 19–20, 27, 32, 289 P.3d 582. An issue becomes moot "if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Id.* ¶ 14 (quotation simplified).

¶3      Here, the issue raised by Jones is moot because the requested relief—i.e., relief from the jail component of Jones's sentence—has been rendered "impossible or of no legal effect" because Jones has already completed his sentence, thereby changing the circumstances "so that the controversy is eliminated." *Id.* (quotation simplified). In other words, this court lacks capacity "to order a remedy that will have a meaningful impact on the practical positions of the parties." *Id.* ¶ 24.

¶4      Although this issue is technically moot, Jones contends that we should nevertheless reach the merits of his challenge to the jail time the district court imposed because it falls within a recognized exception to the mootness doctrine. *See Widdison v. State*, 2021 UT 12, ¶ 12, 489 P.3d 158 ("As a general rule, if our decision cannot affect the rights of the parties before us, the matter is moot and, absent an exception to our mootness doctrine, we will not hear the matter."). Recognized exceptions to the mootness doctrine include the public interest exception and the collateral legal consequences exception. Under the public interest exception, "we will decide a moot issue when a litigant can demonstrate that the issue will (1) affect the public interest, (2) be likely to recur, and (3) because of the brief time that any one litigant is affected, be likely to evade review." *Id.* ¶ 14 (quotation simplified). And under

the collateral legal consequences exception, a court may consider an issue that is technically moot "where collateral legal consequences may result from an adverse decision." *Towner v. Ridgway*, 2012 UT App 35, ¶ 6, 272 P.3d 765 (quotation simplified). This exception "is chiefly applied in criminal cases," and "unless a party is challenging a criminal conviction, we will not presume that such collateral consequences exist." *Id.* ¶ 7 (quotation simplified). The burden of demonstrating that an exception to the mootness doctrine applies "falls upon the party invoking the exception." *State v. Seat*, 2022 UT App 143, ¶ 33, 523 P.3d 724.

¶5     Jones has not carried his burden to demonstrate that either exception to the mootness doctrine should apply. First, Jones has not persuaded us that the public interest exception is applicable. Although we agree with Jones that his appeal raises an issue that affects the public interest and is likely to recur, we are not convinced the issue is likely to evade review. "Issues that are likely to evade judicial review are those that are inherently short in duration such that a court will likely be unable to hear the issue when it still presents a live controversy." *State v. Steed*, 2015 UT 76, ¶ 9, 357 P.3d 547. Here, however, Jones had a legal avenue by which he could pursue a stay of the imposition of his sentence, and he did not avail himself of that option. Rule 27 of the Utah Rules of Criminal Procedure permits a "defendant sentenced, or required as a term of probation, to serve a period of incarceration in jail" to "file a written motion in the trial court requesting a stay of the sentence term of incarceration." Utah R. Crim. P. 27(b); *see also* Utah Code § 77-20-302. Among other things, the motion must "identify the issues" for appeal and explain why "those issues raise a substantial question of law or fact reasonably likely to result in . . . a sentence that does not include a term of incarceration in jail." Utah R. Crim. P. 27(b)(2)(A). Given that we agree with Jones that this issue affects the public interest precisely because it raises a "substantial question of law," *see id.*, we are not convinced that a timely rule 27 motion would be futile. Accordingly, there is no reason that this issue is likely to evade

appellate review in a case where the defendant properly avails himself of all available legal remedies.[2]

¶6     Second, Jones has not demonstrated that the complained of jail sentence "gave rise to the sort of long-term effects that would bring [his] situation within the collateral consequences exception to the mootness doctrine." *See State v. Fanton*, 2016 UT App 239, ¶ 12, 391 P.3d 283. Jones briefly asserts that this exception should apply because a conviction can be used in future court proceedings to impeach character and because an incarceration results in economic losses. But where, as here, the appellant is challenging only a sentencing decision rather than the underlying criminal conviction, "we will not presume the existence of collateral legal consequences." *Id.* Jones's cursory briefing on the matter is not sufficient to carry his "burden of demonstrating that collateral legal consequences will flow from the challenged issue." *State v. Legg*, 2016 UT App 168, ¶ 18, 380 P.3d 360, *aff'd*, 2018 UT 12, 417 P.3d 592.

¶7     Because Jones completed the jail sentence of his probation in 2022, and because he has not carried his burden of demonstrating that an exception to the mootness doctrine should apply, we dismiss the appeal.

———————

2. In a related vein, Jones complains that the "process to request a stay is nearly as long as the appeal itself" and that, in any event, "it is not a given that a court will grant a stay, which is nearly always opposed by the State and subject to the trial court's discretion." But our supreme court has flatly rejected similar arguments, recently noting that "the fact that the process is challenging does not mean that the issue is 'likely to evade review.'" *Widdison v. State*, 2021 UT 12, ¶ 59, 489 P.3d 158 (quotation simplified). Rather, Jones must convince this court "that the hurdles [he] notes are likely to prevent us from having another opportunity to address the issues [he] raises." *See id.*